UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW F. HOLGERSON,<br><br>          Plaintiff,<br><br>     vs.<br><br>DAVID DAVIES, et al.,<br><br>          Defendants. | 1:16-cv-00334-AWI-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO PAY THE FILING FEE<br><br>OBJECTIONS, IF ANY, DUE IN TWENTY DAYS |

### I. BACKGROUND

Matthew F. Holgerson ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 10, 2016, together with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.) On March 11, 2016, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 4.)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) ("Section 1915(g)").

On August 22, 2016, this Court took judicial notice of three Section 1915(g) "strikes" against Plaintiff, which were all entered before this action was brought by Plaintiff on March

10, 2016. (ECF No. 15.)   Based on the three "strikes," the Court revoked Plaintiff's *in forma pauperis* status and ordered him to pay the $400 filing fee within 30 days, or this case would be dismissed pursuant to Section 1915(g). (ECF No. 15.)

Plaintiff did not pay the filing fee, as directed.  Instead, he filed a response to the order on September 28, 2016, where Plaintiff stated that he had not been able to comply with the Court's order because he had been placed on suicide watch and was suffering from several medical conditions, among other various issues. (ECF No. 17.)  Plaintiff requested additional time not to pay the filing fee as directed, but to "respond" to the Court's August 22 order. (*Id.*, p. 5.)  Plaintiff then proceeded to challenge the findings of the August 22 order concerning the three previous strikes assessed against him and requested reinstatement of his *in forma pauperis* status. (*Id.*, p. 7-8.)

## II.     REVIEW OF PLAINTIFF'S PRIOR "STRIKES"

Plaintiff has requested the Court to reconsider whether the three prior actions filed by Plaintiff properly constitute frivolous, malicious, or failures to state a claim upon which relief may be granted for purposes of Section 1915(g).  The dispositions of the three prior strikes are summarized as follows:

   **1.** *Holgerson v. Knowles, et al.***, No. 2:02-cv-00036-GEG-GGH (E.D.Cal. 2002) ("***Knowles I***")**

In *Knowles I*, a magistrate judge recommended dismissal of Plaintiff's amended complaint on October 30, 2002 because it was "frivolous and it fail[ed] to state a claim for relief." *Holgerson v. Knowles, et al.*, No. 2:02-cv-00036-GEG-GGH (E.D.Cal. Oct. 30, 2002) (ECF No. 8.) The magistrate judge further noted that Plaintiff would not be able to cure the defects if he were given an opportunity to amend. *Id.*  After a *de novo* review, the district judge adopted the recommendation in its entirety over Plaintiff's objection on November 27, 2002. *Id.* (E.D.Cal. Nov. 27, 2002) (ECF No. 10.)  Thus, *Knowles I* properly constitutes a strike under 28 U.S.C. § 1951(g).

\\\

\\\

\\\

### 2. *Holgerson v. Knowles,* No. 2:06-cv-00144-GEB-CMK (E.D.Cal. 2006) ("*Knowles II*")

Next, a magistrate judge recommended dismissal of the Plaintiff's complaint in *Knowles II* after Plaintiff failed to state a claim upon which relief could be granted and then failed to correct any deficiencies by filing an amended complaint. *Holgerson v. Knowles*, No. 2:06-cv-00144-GEB-CMK (E.D.Cal. Nov. 13, 2006) (ECF No 20.)  Plaintiff did not object to the dismissal and recommendations were adopted in their entirety. *Id*. (E.D.Cal. Dec. 12, 2006) (ECF No. 21.)  Accordingly, a strike is properly assessed for purposes of Section 1915(g) for the dismissal of *Knowles II*.

### 3. *Holgerson v. Lizarraga, et al.*, No. 2:14-cv-01767-EFB-P (E.D.Cal. 2015)

Finally, the district court in *Lizarraga* dismissed Plaintiff's complaint as frivolous on April 28, 2015. *Holgerson v. Lizarraga, et al*., No. 2:14-cv-01767-EFB-P (E.D.Cal. Apr. 28, 2015) (ECF No. 27).  Specifically, the *Lizarraga* stated:

> Plaintiff's allegations are plainly frivolous. They lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). Therefore, this action must be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

*Id*. Therefore, *Lizarraga* is properly counted as Plaintiff's third strike under Section 1915(g).

## III.   NO IMMINENT DANGER

Plaintiff's Complaint does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  As the Court discussed previously in the August 22, 2016 order, the Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint. (ECF No. 15.)

\\\
\\\

## IV. CONCLUSION

Because Plaintiff has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, and is not under imminent danger of serious physical injury, Plaintiff mat not proceed *in forma pauperis* in this action. *See* 28 U.S.C. § 1915(g).  Plaintiff was ordered to pay the $400 filing fee within 30 days of August 22, 2016. (ECF No. 15.)  Plaintiff has expressed no intention of paying the $400 filing fee. (ECF No. 17.)

Based on the foregoing, it is HEREBY RECOMMENDED that this case be dismissed under 28 U.S.C. § 1915(g) for failure to pay the $400 filing fee, as directed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 11, 2016**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE